IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,	Case No. 3:04CR759

        Plaintiff,

v.	ORDER

Malcolm Mack,

        Defendant.

This is a proceeding under 28 U.S.C. § 2255 in which the petitioner asserts claims of actual innocence, malicious prosecution and/or prosecutorial misconduct, ineffective assistance of counsel, unintelligent guilty plea due to mental incompetence, double jeopardy, and a sentencing violation involving *U.S. v. Booker*, 543 U.S. 220 (2005).

For the reasons that follow, the petition shall be denied.[1]

**Background**

Petitioner and a companion robbed a bank in Toledo, Ohio. The companion was armed and brandished his firearm. Both were indicted on two counts: armed bank robbery and use of a firearm to commit the robbery.

Petitioner entered into a written Rule 11(e) plea agreement, under which he entered a guilty plea to both counts. The government agreed to strike the word "brandished" from Count Two at the time of sentencing; this reduced the minimum term from seven years to five years as to that count. The plea agreement also contained a waiver of appellate rights, with the limited exceptions of: 1) any punishment in excess of the statutory maximum; 2) any punishment to the extent that it

---

[1] Petitioner's motion for a transcript shall likewise be denied.

constitutes an upward departure from the Sentencing Guideline range deemed most applicable by the Court.

When the Magistrate Judge conducted the plea colloquy, she *inter alia* specifically confirmed the petitioner's awareness of and consent to the waiver of the right to appeal or otherwise challenge his sentence.

Sentencing occurred on January 18, 2005, one week after the decision in *Booker*. After pronouncing sentence, I told the petitioner that he had a right to appeal his conviction or sentence, but I did not qualify that notice with reference to his waiver of most of his appellate rights in his plea agreement.

Despite the waiver of his appellate rights, petitioner appealed, asserting that: 1) I violated Fed. R. Crim. P. Rule 11(b)(1)(N) by not confirming that the waiver of the right to appeal had been knowing and voluntary; 2) I failed to consider the proper sentencing factors; and 3) he received ineffective assistance of counsel because his attorney did not file a post-*Booker* sentencing memorandum. The Sixth Circuit granted the government's motion to dismiss on the basis of waiver of appellate rights except as to the claim of ineffective assistance of counsel, which it rejected on its merits. *U.S. v. Mack,* 219 Fed.Appx. 456, 2007 WL 738633 (6th Cir.).

## Discussion

To obtain relief under § 2255 on the basis of a nonconstitutional error, a defendant must show a fundamental defect in the proceedings inherently resulting in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 353 (1994); *U.S. v. Todaro*, 982 F.2d 1025, 1028 (6th Cir. 1993). Nonconstitutional

claims not raised at trial or on direct appeal are waived for collateral review except where the errors result in something akin to a denial of due process. *Grant v. U.S.*, 72 F.3d 503 (6th Cir. 1996).

To obtain relief on the basis of a constitutional error, the record must reflect an error of constitutional magnitude having a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *U.S. v. Ross*, 40 F.3d 144, 146 (7th Cir. 1994). To prevail under § 2255, a petitioner "must show a fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *U.S. v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (citing *Hill v. U.S.*, 368 U.S. 424, 428 (1968)).

Petitioner claims: 1) actual innocence of the gun charge; 2) malicious prosecution and/or prosecutorial misconduct because the government knew only his codefendant carried a gun; 3) ineffective assistance of counsel because his attorney did not challenge the gun charge; 4) unintelligent guilty plea due to mental incompetence; 5) double jeopardy because he was charged with "armed" bank robbery, as well as the use of a gun; and 6) a *Booker* violation because I did not consider financial stress resulting from a Chapter 13 bankruptcy proceeding [which was not mentioned in his presentence report]. None of those claims can prevail.

### 1. Waiver of the Right to Appeal or Contest His Sentence

Petitioner's plea agreement and colloquy show that he knowingly and voluntarily waived any right to challenge his sentence by way of a direct appeal or collateral attack, such as the instant § 2255 proceeding. The Sixth Circuit has consistently upheld waivers of collateral attack rights, excepting ineffective assistance of counsel arguments. *See, e.g., Watson v. U.S.*, 165 F.3d 486,

488-89 (6th Cir. 1999). Except as limited in his plea agreement, petitioner's waiver is binding and he no longer can challenge either his conviction or sentence.

Under the agreement petitioner may, however, assert ineffective assistance of counsel and prosecutorial misconduct. None of his other claims are properly before me on their merits, and they will not be addressed.[2]

### 2. Malicious Prosecution/Prosecutorial Misconduct

Petitioner claims he was subjected to malicious prosecution and prosecutorial misconduct because the government knew that, though his codefendant was armed, he was not. He also complains that it was improper for him to have received both a firearms enhancement in his Guidelines computation and the substantive gun charge under 18 U.S.C. § 924(c).

No error occurred in how the government applied the law to Mack's co-participation in an armed robbery. Thus, there was no malicious prosecution or prosecutorial misconduct. And there is no merit to petitioner's claim that there was such misconduct.

### 3. Ineffective Assistance of Counsel

Petitioner claims that his counsel provided constitutionally inadequate representation when his attorney failed to challenge the § 924(c) charge.

In making this argument, petitioner overlooks the fact that his attorney got the government to eliminate the "brandishing" aspect from the gun charge. This reduced, as noted, the minimum term from seven to five years.

---

[2] I note that I concur in full with the government's discussion of those claims in its response to the petition. [Doc. 69]. That discussion is hereby incorporated by reference as an additional basis for denying the petition as to those claims.

In addition, petitioner's attorney obtained a three level acceptance of responsibility reduction. Had he challenged the gun charge, that reduction would, in all likelihood, have not been granted. In any event, it would not have been successful: the evidence developed during the plea colloquy shows indisputably that the codefendant was armed. Indeed, the petitioner, by not contending to the contrary, implicitly admits [as he did explicitly when entering his plea] that evidence to convict on that charge was present.

Petitioner can show neither inadequate representation nor prejudice, as required to prevail on a claim of ineffective assistance of counsel. *See generally Strickland v. Washington*, 466 U.S. 668, 686 (1984). He is not entitled to relief on this claim.

### 4. Motion for Transcript

Petitioner has filed a motion for leave to obtain a transcript at government expense. Providing a transcript would not aid petitioner in his effort to avoid the rulings herein. The adequacy of the his waiver of the right to appeal has already been upheld by the Sixth Circuit. *Mack, supra*, 219 Fed.Appx. at 460, 2007 WL 738633 at 4.  A transcript is not necessary to adjudicate the two claims considered herein on their merits.

The motion for a transcript shall, accordingly, be denied.

### Conclusion

The waiver of the right to appeal was valid and should and shall be enforced. There is no merit to the two claims not precluded by the waiver.

It is, therefore,

ORDERED THAT

1. Petitioner's motion for a transcript be, and the same hereby is overruled; and

2. The petition for post-conviction relief be, and the same hereby is denied.

An appeal from this order could not be taken in good faith; no appeal shall, accordingly, be allowed without prepayment of the requisite filing fee.

So ordered.

                                                  s/James G. Carr
                                                  James G. Carr
                                                  Chief Judge